BALDOMERO MIRELES v. THE STATE.

No. 12903.  Delivered January 15, 1930.
Reported in 23 S. W. (2d) 727.

The opinion states the case.

*S. H. Millwee* of Colorado, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor, punishment being two years in the penitentiary.

Two nights before the search of appellant's car a jail break had occurred at San Angelo, resulting in the escape of several prisoners; the night before a store in San Angelo had been burglarized and some $5000 worth of furs stolen.  The sheriff of Sterling County had information of these occurrences, and had been watching the road hoping to recover the stolen property and recapture the escaped prisoners.  On the night in question the sheriff and his brother were watching the road.  About midnight a car came by occupied by appellant and Bernardino Ramirez.  Quite a bundle was in the rear of the car covered with a tarpaulin or quilt.  The sheriff pursued the car, stopped it and inquired of the occupants where they came from, where they were going, if they had seen anyone on the road traveling on foot, and what they were loaded with; to the last question they replied a mattress or bed clothes.  Up to this time the sheriff had not informed the parties that he was an officer, neither had he—as we understand the record—made or commenced to make any search of the car.  At this point the sheriff lighted a cigarette and while he was doing this appellant and his companion fled.  After

they ran away the officers searched the car. They had never seen the Mexicans before, had no information concerning them, were not looking for intoxicating liquor nor thinking of it, nor did they suspect there was any in the car; but from the information they had, and from the observable load in the car, and from the conduct of the parties in running away the officers concluded that the car probably contained the merchandise taken from the burglarized store, whereupon they searched the car and discovered the bundle to be a mattress under which were fifteen gallons of whiskey.

The objection to the officers' testimony was urged on the ground that there was no probable cause justifying the search. We pretermit a discussion of the question as it seems to pass out of the case because of other evidence which went before the jury.

Appellant's confession was before the jury. In it he admitted that the car belonged to him, then follows this statement: "We had some whisky in our car, about twelve gallons, which Bernardino said he got from a negro at San Antonio. I did not know the whisky was in the car until Bernardino told me while on the road. We had about a half bottle of whisky on the front seat with us. * * * Bernardino did not tell me he had the whisky in the car until we were about forty or fifty miles out of San Antonio." On the trial he testified that he did not know there was whisky in the car until after he and Bernardino ran away from it, at which time Bernardino told him it was in there and that he had it for medicine. Both the confession and appellant's evidence on the trial show the presence of the whisky in the car; that is all the officers' evidence did, and even if improperly admitted the same evidence having gone before the jury from other sources no reversal would be demanded. McLaughlin v. State, 4 S. W. (2d) 54; Sifuentes v. State, 5 S. W. (2d) 144; Machado v. State, 17 S. W. (2d) 1060; Flower v. State, 18 S. W. (2d) 659. Many other authorities are cited in the foregoing cases.

The judgment is affirmed.

*Affirmed.*