ROBERT LAW v. THE STATE.

No. 13165.    Delivered March 19, 1930.

Reported in 27 S. W. (2d) 174.

The opinion states the case.

*C. F. Stevens* of Houston, for appellant.

*O'Brien Stevens,* Cr. Dist. Atty., and *E. T. Branch,* Asst. Cr. Dist. Atty., both of Houston, and *A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of a still and mash for the purpose of manufacturing intoxicating liquor; the punishment confinement in the penitentiary for one year.

Operating under a search warrant, officers searched appellant's garage and found therein a fifty gallon still and a quantity of whiskey mash. The still was in operation at the time. Appellant made a voluntary written confession which, omitting the formal parts, reads as follows:

"My name is Robert Law. I am forty years old. I am married and have a wife and one child. I am buying the place here where you found me cooking whiskey tonight in the still. The fifty gallon still and nine barrels of mash, along with the other equipment you found here, belongs to me. I own it all. This is my first run as I have only been set up about one week. I expected to get four dollars per gallon for my whiskey after it was run out. I started the fire under the still just about dark tonight. I was far behind in debts and thought this would help me catch up with them. I am employed as a shipping clerk during the day time. I have read this statement and it is correct."

The receipt of the testimony touching the result of the search was opposed on several grounds, the contention being that the affidavit was insufficient to authorize the issuance of the warrant because of several alleged defects. It is unnecessary to discuss the sufficiency of the affidavit. Appellant's confession was introduced in evidence without objection. There was no issue as to its voluntary character. The same criminative facts testified to by the officers were embraced in the confession. If the testimony of the officers touching the result of the search was improperly received,—and this is not conceded,—the same evidence having gone before the jury from another source a reversal would not be warranted. Mireles v. State, 23 S. W. (2d) 727, and authorities collated.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.