McKinley Young v. The State.

No. 13027. Delivered April 9, 1930.
Rehearing denied May 14, 1930.
Reported in 27 S. W. (2d) 801.

The opinion states the case.

*Higgins & Glass* of Marlin, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully transporting intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for one year.

The following is a synopsis of the evidence of the witnesses for the State: Two officers were at a place where a number of negroes were gathered at a supper. Some gambling had taken place and some arrests were made. While the officers were there with the prisoners the appellant drove up in an automobile, stopped for a moment and then started on. The suspicion of one of the officers was aroused. He got on the running board of the appellant's car and looked in the back behind the seat but saw no whisky or other contraband article. The appellant jumped off the car and ran. Upon observing something in the hand of the appellant, the officer pursued him. During his flight the appellant threw a sack, which he was carrying, into a ditch. The sack was examined and found to contain bottles of whisky. Some were broken and others were not. The appellant was not at the time arrested but was later taken in custody. He introduced no testimony upon the trial.

The appellant presented six bills of exception. All of them are based upon the proposition that in receiving the testimony of the two officers who testified to the facts in substance given above there was a transgression of the law as set out in Art. 727a, C. C. P., forbidding the reception in evidence of testimony acquired through an illegal search. Appellant takes the position that the act of the officer in standing upon the running board of the appellant's car and looking into the back of it was the beginning of a search and that the testimony subsequently acquired was but a sequence or part of the same act. Apparently the record does not disclose any search or any discovery from the search. In getting upon the running-board of the appellant's car and in looking behind the seat the officer was a trespasser but he made no discovery. The bag containing the bottles of whisky was found in the ditch where he saw

the appellant cast it. This was after the officer had committed the trespass mentioned. The complaint is not of the arrest of the appellant but of the testimony with reference to the finding of the whisky. An instance somewhat similar upon the facts is found in Carter's case, 22 S. W. (2d) 659.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We cannot agree with appellant's contention that in receiving the evidence set out in our original opinion Art. 727a (Acts 41st Leg., 2d C. S., Chap. 45) was offended against. It appears that without probable cause authorizing it the officer stepped on the running board of appellant's car and looked over in the back seat but discovered nothing; he then stepped off the running board. The officer said that "if nothing else had happened appellant could have driven right on and nobody would have paid any attention." What did happen was this: After the officer got off the car and was not further searching or attempting to search it appellant drove the car some ten feet farther on and then stopped it, jumped out and ran away with a sack in his hand which he threw in a ditch some fifty yards from the car. The officer pursued him one-half mile farther but never caught him at that time. The sack was found to contain several bottles of whisky. It was not discovered in a search of the car. If appellant had not jumped from the car and ran away with it in his hand it would not have been discovered at all. Assuming that the officer's act in searching the car was unauthorized, that had been abandoned. It was the suspicious act of appellant in thereafter jumping from the car and running away with the sack in his hand that led to his pursuit and the discoveries incident thereto.

Appellant cites Swanson v. State, 18 S. W. (2d) 1082, in support of his motion. We think it not closely in point. In that case the liquor was found in the car under what may have been an illegal search. Not so here. Owens v. State, 112 Tex. Cr. R. 1, 13 S. W. (2d) 837, seems much nearer in point.

The motion for rehearing is overruled.

*Overruled.*