### E. C. CHAPMAN v. THE STATE.

No. 13700.  Delivered February 18, 1931.
Rehearing Denied April 1, 1931.

The opinion states the case.

*Fred H. Woodard* and *R. H. Beville,* both of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

Appellant had a garage where he repaired cars, etc., connected with which was a gasoline pump, same being located on a public road. A peace officer who lived not far away from appellant's place testified that many people came both in the day and night time to said place, and that he had often seen drunk people around said garage, and that that kind of traffic to appellant's garage was most and nearly every Saturday and

Sunday. On the day in question said officer observed appellant's wife drive his car up in front of said garage. Witness walked over there. Noticing something like a bulk wrapped up in a quilt between the seats, he asked appellant if he had any objection to the car being searched, and was told by appellant that he did have such objection; that he did not want witness to search said car. The officer then told appellant to stay away from the car. The officer then phoned to the sheriff who came some half hour later. While waiting for the sheriff appellant came to the car with a hammer, opened the car door, and began breaking what was in the car. Observing the odor of the liquor that ran out of the car when appellant used his hammer, the witness ordered appellant to desist, and finally drew his pistol and told him he must quit breaking the containers. When the sheriff came the two looked in the car and found there had been ten half gallon jars of whisky therein, three of which had been broken. The jars were in two sacks—five jars in each sack. While waiting for the sheriff appellant had asked the peace officer Richardson to let him get in the car, drive it out of town and break the whisky. Witness testified that appellant said: "You have got me; I want to take the whisky out of town and break it."

Neither appellant nor his wife, nor any other person of the family, or who lived with them or worked in said garage, gave any testimony contradictory of the above. Vernon Monroe swore he was working with appellant on a car that morning at appellant's garage, putting in new pistons and grinding the valves, and that appellant's car was taken about one o'clock by the officers.

There are eighteen bills of exception, practically all of which bring forward objections in some form to the testimony of the witness Richardson, the peace officer above mentioned, or that of the sheriff, both of whom testified to the finding of whisky in appellant's car when the sheriff reached the scene. It would serve no useful purpose to set said bills out at length in an effort to discuss same in detail.

Officer Richardson was in no sense a trespasser when he went into or in front of appellant's public garage, and there observed the bulk of something covered with a quilt between the seats of appellant's car. His request of appellant that he be allowed to search the car was legal and proper. Doubtless the appellant's refusal to allow the car to be searched strengthened Richardson's suspicions. He phoned for the sheriff. At this point if appellant had stood on his rights not to have his car searched except upon probable cause, he doubtless would have had better footing, but he made the mistake of getting a hammer and proceeding to break the containers in the car. See Carter v. State, 113 Texas Crim. Rep., 433, 22 S. W. (2d) 659; Young v. State, 115 Texas Crim. Rep., 560, 27 S. W. (2d) 801. Whisky began to flow out of the car and its odor to pervade the air. The officer's right to search, not previously exer-

152

-cised, was thus fully established by the two senses of sight and smell. He obtained evidence that a felony was being committed in his view. His search, and that of the sheriff who presently came and observed the same odor, resulted in the discovery of the ten containers of whisky in said car, and said search appears to have been entirely legal. The numerous authorities cited in the well prepared brief of appellant are reasonably familiar to us and announce no new principles. What we have said as to the legality of the search and the admissibility of the testimony is not contradictory to any of them.

Believing no error appears in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—A deputy sheriff was suspicious that appellant was violating the liquor law. He saw in appellant's car between the seats a bulk of something wrapped in a quilt. Appellant denied the officer's request for permission to search the car, whereupon the officer said he would take charge of the car and hold it, and told appellant to stay away from the car. Appellant was not in the car at the time and was not under arrest. The deputy telephoned for the sheriff.

Appellant predicates his motion for rehearing upon two propositions. First, that the deputy sheriff was without information amounting to probable cause, and that his act was an unauthorized seizure of the car. Second, that this being true, then any act or word of appellant in connection with the car or contents while it was being so unlawfully held was not provable against him. If the correctness of the first proposition be conceded it does not follow that under all circumstances the second proposition is sound, unless we have fallen into error in prior decisions. The deputy detailed the following incident which occurred before the sheriff arrived. "The defendant made a request of me while I was there waiting for the sheriff: He asked me to let him get into the car and drive it out of town and break the whisky. He says: 'You have got me; I want to take the whisky out of town and break it.' He says, 'You have got me,' and he wanted to take it out and away."

Under several cases hereafter cited the above incident would have authorized the deputy to then search the car. He did not do so. After the foregoing request was refused appellant came to the car with a hammer and began breaking containers which were in the car, and continued until he was compelled by the deputy to quit. Whisky from the broken containers ran out of the car. The deputy sheriff never got in the car until the breaking of the containers occurred, after which he sat in the car until the sheriff arrived. An examination or search of the

car after the sheriff arrived revealed two sacks with five half-gallon jars of whisky in each sack, three of the jars having been broken.

Upon the facts this case is very similar to Carter v. State, 113 Texas Crim. Rep., 433, 22 S. W. (2d) 659. There the officer had information but not sufficient to amount to probable cause for search of Carter's car; the officer got in the car and directed Carter to drive around on another street. In answer to a question from the officer Carter said he had a gallon of whisky; a search of the car revealed this to be true. It is admitted that the officer took Carter into custody without authority, and that he would have had the right to oppose the arrest. Instead of doing that, or remaining silent, which he could have done, he told the officer whisky was in the car; although under arrest his statement was res gestae, and this court held that the officer was within his rights in searching the car because Carter's statement showed him to be guilty at that very time of violating the law in the officers' presence. In the case now before us appellant might have remained silent and inactive. He did neither. By his words he admitted the presence in the car of whisky which he desired to take away and destroy; by his acts he demonstrated its presenec, breaking containers and letting the contents pour out. Authorities other than Carter's case which we deem in point are Young v. State, 115 Texas Crim. Rep., 560, 27 S. W. (2d) 801; Owens v. State, 112 Texas Crim. Rep., 1, 13 S. W. (2d) 837. Cases involving somewhat the same principle are Pena v. State, 111 Texas Crim. Rep., 218, 12 S. W. (2d) 1015; Elms v. State, 114 Texas Crim. Rep., 642, 26 S. W. (2d) 211; Law v. State, 115 Texas Crim. Rep., 47, 27 S. W. (2d) 174; Mireles v. State, 114 Texas Crim. Rep., 6, 23 S. W. (2d) 727.

The motion for rehearing is overruled.

*Overruled.*