P. K. WILLIAMS v. THE STATE.

No. 13680.   Delivered June 17, 1931.

The opinion states the case.

*L. W. Sandusky* and *R. H. Ratliff,* both of Colorado, Texas, for appellant.

*Lloyd ·W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is unlawfully transporting intoxicating liquor; penalty, confinement in the penitentiary for a period of two years and six months.

The appellant was arrested by Hickman, the chief of police of the city of Colorado.   Hickman's testimony is in substance as follows:   He saw the appellant about eleven o'clock at night.   The appellant was driving an automobile and had three other men with him in the car.   Delaney, another officer, said to Hickman:   "Look at that car.   It is loaded."   It was parked on the street.   The appellant started the car and drove off. He was followed by Hickman and Delaney.   From Hickman's testimony we take the following:   "After he turned down the street we walked across the street and got in my car.   *   *   *   We took after him and headed him off this side of Lonewolf Bridge.   *   *   *   We jumped out and Jack started to stop him, and he began to back up like he was going to try and get away.   *   *   *   We asked him where he lived *   *   *   and who had the key to the car.   He said he lived in Sweet-

water and that the car belonged to a man in Sweetwater. Jack walked around to the back and raised it up. * * * I never did see in the back at all. Jack was just standing there and nodded his head, and I said, 'How much have you got, pardner', and he said, 'Thirty gallons of red rye whisky'."

Appellant said that the boys with him had no interest in the matter; that he picked them up at Big Springs. He said: "I am the man." Appellant and the men were all arrested by Hickman and Delaney. After putting the appellant in jail, his car was searched and a number of jars containing whisky were found in the back of the car. The containers were introduced in evidence.

Appellant introduced no testimony but contends that the court erred in admitting in evidence the statement detailed above. The grounds of objection are as follows: "For the reason that the defendant was under arrest prior to the search, being detained and stopped by Mr. Hickman and Mr. Delaney, who have testified that they were officers, and further because they had no search warrant to search the said car; nor does the testimony given by both witnesses constitute probable cause, whereby said Hickman and Delaney were justified in searching said car, and the defendant therefore respectfully asks the Court to determine that probable cause did not exist for the search, as has been testified to here, and therefore said search is contrary to article 1, section 9, of the Constitution of Texas, as well as any and all other laws regarding the searching without a search warrant of the State of Texas and the United States."

The opinion is expressed that the presence of intoxicating liquor in the possession of the appellant was learned through a search of his automobile without "probable cause" as that term has been defined. The subesquent admission by the appellant that he possessed intoxicating liquor in the car added nothing material to the knowledge of the officer who, without a search warrant and without probable cause, had lifted up the back of the car in which the appellant was riding and discovered the presence of whisky. At the time the appellant's car was stopped by the officers they were guided by nothing more than bare suspicion. One of them said, "It is loaded." It had four men in it and it was evidently loaded to that extent. On the subject of stopping an automobile upon the public highway and searching it without probable cause, Chief Justice Taft of the Supreme Court of the United States, in the case of Carroll v. United States, 257 U. S., 132, 69 L. Ed., 543, said:

"It would be intolerable and unreasonable if a prohibition agent were authorized to stop every automobile on the chance of finding liquor, and thus subject all persons lawfully using the highways to the inconvenience and indignity of such a search. * * * Those lawfully within the country, entitled to use the public highways, have a right to free passage without interruption or search unless there is known to a competent

official authorized to search, probable cause for believing that their vehicles are carrying contraband or illegal merchandise.

"The measure of legality of such a seizure is, therefore, that the seizing officer shall have reasonable or probable cause for believing that the automobile which he stops and seizes has contraband liquor therein which is being illegally transported.

"We here find the line of distinction between legal and illegal seizures of liquor in transport in vehicles. It is certainly a reasonable distinction." Odenthal v. State, 106 Texas Crim. Rep., 1, 290 S. W., 746.

It is true that the officer who raised the back of the automobile and discovered the presence of liquor was not the one used by the state as a witness. The two were acting together in stopping the automobile and searching it. After the appellant's car had been obstructed so that it could not proceed, one of the officers engaged in a conversation with him while the other searched his car. The officer who made the search nodded to the one in front. The one in front then asked the appellant how much whisky he had, to which he replied that he had thirty gallons. Numerous cases in point will be found in the textbooks and decisions in which the courts of this and other states have, under similar facts, held that the stopping of an automobile upon the highway and searching it is illegal. Those cases cited by our own courts are the following: Deavers v. State, 111 Texas Crim. Rep., 325, 13 S. W. (2d) 86; Hardiway v. State, 108 Texas Crim. Rep., 659, 2 S. W. (2d) 455; Mims v. State, 108 Texas Crim. Rep., 313, 1 S. W. (2d) 303; Talley v. State, 24 S. W. (2d) 38; Odenthal v. State, 106 Texas Crim. Rep., 1, 290 S. W., 743; Gunter v. State, 109 Texas Crim. Rep., 408, 4 S. W. (2d) 978. Many recent cases are collated in Cornelius on Search & Seizure, 2nd Ed., sec. 64, beginning at page 200. The evidence introduced against the appellant was the result of an unauthorized search and is therefore inadmissible under article 727a, C. C. P., 1925, which reads as follows: "No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case."

The facts in the present case distinguish it from that of Carter v. State, 113 Texas Crim. Rep., 433, 22 S. W. (2d) 659, and Young v. State, 115 Texas Crim. Rep., 560, 27 S. W. (2d) 801. In Carter's case, an officer entered the appellant's automobile and was a trespasser. Carter would have had the right to have ousted the officer from the car. Instead of doing so, however, he voluntarily told the officer that he had whisky in the car. *Acting upon that information the officer searched the car and found whisky.* The officer's testimony thus obtained was held not violative of article 727a, C. C. P., 1925, but was admissible upon the ground that the liquor was found as a result of the voluntary declaration of the

accused and therefore admissible under the terms of article 727, C. C. P. In its opinion, the court said: "The declaration of the appellant that he had the whisky in his car was one that he was not forced to make by any of the circumstances proved. * * * Instead, however, he made. to the officer a declaration that there was whisky in his car, which statement was found to be true, and proof thereof was authorized," under the statute mentioned.

In Young's case, supra, an officer, in the capacity of a trespasser, stepped upon the running-board of the appellant's car. The officer discovered nothing in the car. Appellant got out of the car, however, and after walking some distance threw some bottles into a ditch. This was observed by the officer, who went to the ditch and got the bottles which contained whisky. His testimony was held admissible for the reason that it was not the result of the trespass, and he had not put the accused under arrest at the time. In each of the cases mentioned above the discovery of the liquor was the result of the acts or declarations of the accused and was not the result of the illegal search. The same may be said of the case of Owens v. State, 112 Texas Crim. Rep., 1, in which after a collision between the appellant's car and that of the officers, the appellant got out of his car and carried the whisky on his person. After he got out of the car he dropped a bottle of whisky in the presence of the officers. Observing this, the officers acted upon probable cause for searching the car in which they found a quart of whisky.

The case of Swanson v. State, 113 Texas Crim. Rep., 104, 18 S. W. (2d) 1082, is somewhat analogous to that under consideration. It is conceived that the principle applicable is analogous to that which has been applied to the operation of article 727, C. C. P. In that article the confession of one accused of crime is excluded unless the confession complies with the law requiring that it be voluntarily made and reduced to writing under certain formalities. If the confession is not so made but is obtained by force of persuasion, it is not available to the state. There is an exception, however, embraced in the statute whereby the confession of one accused of crime, though obtained by threats, persuasion or other illegal means, is nevertheless admissible against him if the confession results in the finding of the fruits of the crime or instruments used in its commission. The same principle is conceived to apply to any illegal search. If an illegal search is made and coincident with it the accused makes a declaration which leads to the finding of the contraband article, proof of the finding of the contraband upon information obtained by the declaration of the accused becomes admissible, but where, as in the present case, the search was illegal and the liquor was observed as a result of the search before the declaration was made, the finding of the liquor must be attributed to the illegal search and not to the subsequent declaration. Other cases somewhat in point are Pena v. State, 111

Texas Crim. Rep., 218, 12 S. W. (2d) 1015; Elms v. State, 26 S. W. (2d) 211; Law v. State, 115 Texas Crim. Rep., 47, 27 S. W. (2d) 174; Mireless v. State, 23 S. W. (2d) 727.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

### CONCURRING OPINION.

HAWKINS, JUDGE.—The rule is well understood and often recognized by the court that a bill of exception containing a general objection to testimony, part of which is admissible, is insufficient to manifest error if it does not single out the inadmissible portion of the testimony. However, the rule is not thought to be applicable here. The question involved is, was the criminative testimony of the officers admissible? This question turns upon whether the officers searched appellant's car without probable cause. To present the question of probable cause all the recitals of facts contained in the bill are deemed necessary. After setting out the evidence in detail in the bill it recites that the evidence was objected to, "For the reason that the defendant was under arrest prior to the search, being detained and stopped by Mr. Hickman and Mr. Delaney, who have testified that they were officers, and further because they had no search warrant to search the said car; nor does the testimony given by both witnesses constitute probable cause, whereby said Hickman and Delaney were justified in searching said car, and the defendants therefore respectfully ask the court to determine that probable cause did not exist for the search, as has been testified to here, and therefore said search is contrary to article 1, section 9, of the Constitution of the State of Texas, as well as any and all other laws regarding the searching without warrant of the State of Texas and the United States."

It has been held that "* * * when the court has determined that probable cause existed for the search of an automobile, the facts upon which he predicated his ruling should be brought before this court in proper manner, if a review of such action is sought." McPherson v. State, 108 Texas Crim. Rep., 265, 300 S. W., 936.

In drawing the bill of exception under consideration appellant was evidently attempting to bring himself within the rule last announced. The bill would have been defective if it had not set out, not only the evidence upon which probable cause was thought to be predicated, but also the evidence which was secured as a result of the search.

Being in accord with the conclusion announced by Presiding Judge Morrow in his opinion reversing the judgment, I record my concurrence therein.

## DISSENTING OPINION.

LATTIMORE, JUDGE.—I cannot agree to a reversal of this case.

But one witness testified. His testimony fully made out a case of transporting intoxicating liquor on the part of appellant. Same showed appellant to have been driving on a public road in a car which contained sixty half-gallon fruit jars of whisky. Appellant offered no testimony.

We find in the record only one bill of exception which sets out and complains of the following testimony:

"I stated that myself and Jack Delaney were standing in front of the Colorado National Bank, and Jack called my attention—he says, 'Look at that car coming yonder,' he says, 'It is loaded.' After he turned down the street we walked across the street and got in my car. The car was headed east and my car was parked over by the City National Bank, so when we saw this car going down the street we went across the street and got in my car and took after his and headed him off right this side of Lonewolf bridge, and he was just barely going, on the Bankhead highway, and we jumped out and Jack started to stop him and he began to back up like he was going to try and get away, and about that time I got out, about that time we jumped out and asked him where he lived and he said 'Sweetwater,' and we asked him who had the key to the turtle back and he said, 'A man at Sweetwater,' I says, 'Who does the car belong to,' and he says, 'To the man in Sweetwater.' And Jack walked around to the back and raised it up, and I was still standing there talking to him—I never did see in the back at all, and Jack was just standing there and nodded his head, and I says, 'How much have you got, pardner,' and he said 'Thirty gallons,' I asked him and Jack nodded his head and I says, 'How much have you got, pardner,' and he says, 'Thirty gallons of red rye whisky.' And he said, 'These boys in here with me, they have not got anything to do with it,' he says, 'I picked them up either at Big Springs or right this side of Big Springs,' he says, 'I just picked them up' and he says, 'I am the man.' That was the defendant that made that statement. The defendant was driving the car. I do not believe there was anything else said right there at the time by the defendant, not that I recall. I then got my handcuffs and shackled the two boys that were with this fellow, and Jack brought them on in my car, and I took Williams and brought him on to jail and locked him up. I did not say that Jack Delaney brought the car the defendant was driving, no. He drove my car and the two boys that were with him. I came in the defendant's car. As to what we did when we got to jail: I forgot to say that we searched them for a gun, after he said he had thirty gallons, and when we got over to the jail house, when they got out of the car, I said, 'Is there anybody you want to notify,' and he wrote a name down and told me to notify this fellow at Sweetwater—

I believe his name is Curtis Tidwell, Sweetwater, Texas, that is, I know he wanted me to notify Curtis Tidwell, Sweetwater. We did make a search of the car the defendant was driving, after we got to the jail. When we searched the car we found containers—I think it was twelve of those fruit jars to the box, and there was five of those containers packed back in the back and close up to the seat, fruit jar containers. There were five of those boxes, yes. As to how much each contained: I just looked at two, they were full up, every one. I turned the stuff in the car over to Mr. Kuykendall. The size of those fruit jars I think is two quarts, a half gallon. The size of a fruit jar counsel exhibits to me is the size of the fruit jars I testified were in the car, yes. There was twelve of those fruit jars per case, and five cases. Sixty half gallon fruit jars were contained in that car. The four fruit jars that are upon this table here were in that car. They are full. I have smelled and tasted the contents of those jars. The contents of those jars smelled and tasted like whisky. Those jars contained whisky. The remainder of that whisky is in the jail. The defendant was arrested and stopped near the Lonewolf bridge and the whole transaction that I have testified about occurred in Mitchell County, State of Texas."

No particular part of said testimony was pointed out or specified in said bill. That said bill of exception was too general, and that considerably more than half of the testimony objected to was patently competent and admissible, is apparent from a reading of said bill.

There is no better settled rule of practice, nor one that has been more consistently upheld by every judge who has been on this bench from the beginning, than that of a bill containing a general objection to testimony, a part of which is admissible, is insufficient to manifest error if it does not single out the inadmissible portion of the testimony. In Gaines v. State (Texas Crim. App.), 37 S. W., 333, Judge Hurt says: "The next bill of exceptions is to the introduction by the State of a conversation between McAllister and the defendant after and concerning the difficulty. Part of the conversation between McAllister and appellant was clearly admissible. A part of it may not have been admissible. When this is the case it devolves upon the party objecting to specify that part to which he objects. A general objection will not reach it."

In Payton v. State, 35 Texas Crim. Rep., 510, 34 S. W., 615, 616, Judge Henderson says: "It was admissible for the State to show that some of the lost property was found on the ground where they had arrested the defendant the night before. This part of the testimony was certainly admissible. If the bill in question had pointed out that portion of the testimony which was inadmissible, and had stated the grounds therefor, it might have been excluded by the court; but this was not done."

In Ortiz v. State, 68 Texas Crim. Rep., 526, 151 S. W., 1056, 1057, Judge Davidson says: "A bill of exceptions is too general for consideration if it includes a number of statements, some of which are clearly admissible, and there is nothing in the objection directly pointing out the supposed objectionable portions of the evidence."

. In Tubb v. State, 55 Texas Crim. Rep., 623, 117 S. W., 858, Judge Ramsey says: "But the objection interposed went to the whole testimony, and the rule seems to be well settled that where an objection, such as this, involving a number of statements given, a part of which are admissible and some portions of which may be inadmissible, and there is nothing in the objection to directly challenge or single out the objectionable testimony, that such a bill ought not in fairness to be considered. This proceeds upon the principle that it is not fair to a trial court, for that it must be assumed that if the objectionable testimony were directly challenged by pointing it out and singling it out for decision, that same would be sustained, and where counsel content themselves in a case where much of the answers and testimony is admissible and only some features of it inadmissible, to make a general objection, that this is not good practice or fair to the trial court."

In Rucker v. State (Texas Crim. App.), 47 S. W., 1015, Judge Davidson says: "Where some of the evidence objected to is inadmissible, and some not, it is necessary that the bill of exceptions point out that portion of the evidence which is objectionable. If the objection is of a general nature, and to all of said testimony, irrespective of whether or not it is objectionable, *this court will not make the selection for the objecting party.*"

In Smith v. State, 92 Texas Crim. Rep., 302, 244 S. W., 138, 139, Judge Hawkins says: "Second, because many of the questions were proper and answers elicited thereby clearly admissible, and the bills are therefore too general. See rule announced and authorities collated under sction 211, Branch's Ann. P. C., page 135."

Again in White v. State, 113 Texas Crim. Rep., 257, 20 S. W. (2d) 197, Judge Hawkins says: "The rule is well settled that a bill of exceptions will not be held to show error, when part of the matter objected to is competent, even though there be other parts embraced within such objection which are not competent."

In Solosky v. State, 90 Texas Crim. Rep., 538, 236 S. W., 742, citing Tubb v. State, supra, Judge Morrow says: "The bill of exceptions is inadequate to present the exclusion of a part of the testimony adverted to for the additional reason that the objection was addressed to the proof of all the acts of the appellant, some of which were clearly admissible. Under such circumstances the objection made should point out the part of the testimony which is deemed objectionable. When the attack is against the whole, the court is not in error in overruling the objection

where he would have been authorized to exclude only a part. See Tubb v. State, 55 Texas Crim. Rep., 623, wherein the reason for the rule is stated. Other illustrations of this application will be found collated in Branch's Ann. P. C., sec. 211."

Again in Dixon v. State, 91 Texas Crim. Rep., 223, 238 S. W., 227, Judge Morrow said: "As these bills are drawn, no error is shown. Much of the testimony involved was manifestly admissible. It is a general rule that where a part of a statement is admissible and a part subject to objection, a bill complaining of the ruling of the trial court in admitting the whole is too general. It should segregate and point out that which is claimed should have been excluded. When the objection is directed to the whole statement, a part of which is admissible, it is not the duty of the trial judge to segregate it, but he has the privilege to overrule the objection. Branch's Ann. Texas Penal Code, sec. 211."

Opinions of Judge Martin of our Commission, on the same subject, will be found in Jones v. State, 112 Texas Crim. Rep., 625, 17 S. W. (2d) 1059, and Green v. State, 108 Texas Crim. Rep., 666, 2 S. W. (2d) 274, in which the opinion on rehearing was upheld by Presiding Judge Morrow. Opinion of Judge Christian along the same line will be found in Black v. State, 111 Texas Crim. Rep., 372, 13 S. W. (2d) 101. Of Judge Baker of our Commission in Vaughn v. State, 102 Texas Crim. Rep., 623, 280 S. W., 772, upheld by Judge Hawkins upon motion for rehearing, and Vargas v. State, 104 Texas Crim. Rep., 286, 284 S. W., 564, upheld by Judge Morrow writing upon the motion for rehearing.

The writer of this opinion has himself in many cases upheld what he regards as the well settled law of this state of too long standing to be disturbed. Instances of his opinions are Collier v. State, 110 Texas Crim. Rep., 510, 9 S. W. (2d) 265, upheld by Judge Hawkins on motion for rehearing, and Mauney v. State, 85 Texas Crim. Rep., 184, 210 S. W., 959; Tracy v. State, 111 Texas Crim. Rep., 160, 12 S. W. (2d) 205.

There being but the one bill of exception, and it being in such condition as to that it should not be considered, I see no reason why this judgment should not be affirmed. My brethren being of a different mind, I have no option but to record these conclusions and note my dissent.