### JACK ROBERTSON V. THE STATE.

No. 16252. Delivered January 24, 1934.
Reported in 67 S. W. (2d) 618.

The opinion states the case.

*Campbell, Leak, Taylor & Storey,* of Longview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for four years.

The chief of police and a state highway patrolman stopped appellant while he was driving his truck on a highway beyond the city limits of Marshall. A search of the truck disclosed approximately 210 gallons of whisky.

Appellant did not testify, and introduced no witnesses.

Neither a search warrant nor a warrant of arrest had been issued. Appellant timely and properly objected to the testimony of the officers touching the result of the search on the ground that probable cause was not shown. The chief of police testified that ten days prior to the search Mr. Huffman, a city policeman, had talked to him about a man suiting the description of appellant and had described appellant and the truck; that he also had information through federal officers, but not as to appellant; that at the time of the conversation with Mr. Huffman he had told him about a truck and a negro, and trucks in general; that he had information as to another truck hauling liquor out of Louisiana, but was not advised that appellant was connected with it; that there were many trucks like the one appellant was driving; that he had no knowledge or information prior to the search that appellant was coming through the city of Marshall with a load of liquor; that when he first overtook appellant and stopped him, appellant got in his truck and drove away from him notwithstanding the fact that the highway patrolman had on his uniform; that appellant's act in driving away, together with the information he had gotten from Mr. Huffman concerning the fact that trucks of the type appellant was driving were being used in transporting intoxicating liquor from Louisiana, caused him to make the search. The substance of the testimony was that Mr. Huffman had advised the witness that trucks of the type appellant was driving were transporting

intoxicating liquor from Louisiana. There appears to be nothing in the testimony warranting the conclusion that the officer had information in advance of the search that appellant was transporting intoxicating liquor or that the particular truck being driven by him was being used for that purpose. The testimony of the officers was to the further effect that when they stopped appellant the first time he drove away from them; that when he was stopped a second time he was asked by one of the officers to show his registration papers, which he did; that then upon being asked what he had in the truck he stated that he had some cases of cigars; that upon being asked for the key to the back end of the truck, appellant declared that he had none; that the officers discovered the key and opened the back end of the truck, in which they discovered the whisky. The officers testified that they saw appellant violate no law, and, further, that they did not discover the whisky until they had opened the back end of the truck.

The opinion is expressed that the presence of intoxicating liquor was learned through a search of appellant's truck without probable cause, as that term has been defined. The facts and circumstances relied upon to show probable cause are not as strong as those disclosed in the case of Williams v. State, 40 S. W. (2d) 142. In that case the conclusion was reached that the search was illegal, and a reversal ordered. An analysis of the testimony in the present case leads us to the conclusion that there was no reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that appellant was guilty of the offense of transporting intoxicating liquor. See Landa v. Obert, 45 Texas, 539.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.