## A. J. Jacks v. The State.

No. 19094.  Delivered June 16, 1937.
Rehearing Denied November 10, 1937.

The opinion states the case.

_Minton & Minton,_ of Hemphill, for appellant.

_Lloyd W. Davidson,_ State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of theft of hogs, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

Appellant's main contention is that the evidence is insufficient to sustain his conviction.  In order that this opinion may reflect the ground upon which our conclusion is based we deem it proper to set out the salient facts proven by the State which are as follows:

O. B. Woods testified that he had several hundred hogs running on the range near Irish Bayou in San Augustine County; that on or about the 1st day of February, 1936, he missed a blue sow and seven of her shoats from the range and has never seen them since; that sometime after he had missed the hogs he went to the home of the appellant and inquired of him if he had butchered any hogs; that appellant replied that he had butchered eight; that there were white ones, blue ones, and spotted ones; that some were marked with a crop, split, and

under-bit in the left ear, under-slope and over-bit in the right ear. Woods further testified that appellant told him that the hogs which he, appellant, butchered were his own, but Woods testified that they were his hogs because they were of the same color and carried the same mark as the hogs he had lost; that he demanded pay for them; that he never knew of the appellant having any hogs on the range at any time bearing the marks described by him; that the appellant told him his mark was a crop, split, and under-bit in the left ear, under-slope and over-bit in the right ear; that he, the witness, didn't find such a mark on record in San Augustine County in the name of A. J. Jacks; that he found a mark registered in the name of A. J. Jacks in Sabine County which was an under-slope and over-bit in the left and a crop and a split in the right ear. It also appears from the record that the distance from Woods' home to the appellant's home was approximately twelve miles.

The State offered a number of witnesses who stated that they had seen the blue sow and her shoats on the range; that they had missed her from the range the latter part of January. No one seems to have known what became of the hogs. The appellant did not testify, but relied solely upon the weakness of the State's case.

It occurs to us that appellant's contention is well founded. Woods, the complaining witness, did not know what had become of his hogs. No one saw appellant in possession of the hogs, nor are there any circumstances outside of the description of the hogs as given by appellant to Woods which even remotely tends to connect appellant with the theft of said hogs. As a general rule where it is shown that a crime was committed by someone and the accused's connection therewith is shown by his confession, it is sufficient to justify his conviction; but a party cannot be convicted upon his extrajudicial confession alone. However, we do not regard appellant's statement to Woods as a confession because he did not confess to his guilt or his connection with the theft of any hogs. It is true he admitted that he butchered eight hogs of a certain description, but in connection therewith contended that they were his own. We are of the opinion that under the facts of this case the trial court should have instructed the jury to return a verdict of not guilty as requested. See Johnson v. State, 117 Texas Crim. Rep., 103, 36 S. W. (2d) 748.

For the error discussed, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

GRAVES, JUDGE.—After re-examining the record we express our views in the language of Judge O. S. Lattimore as embraced in the opinion he prepared herein shortly prior to his death, but which was not taken into consultation. We quote his language as follows:

"The State moves for rehearing, asserting that the testimony is sufficient. We have again carefully examined the facts.

"Mr. Woods lost eight hogs from his range about February, 1936. No witness saw appellant take them, or saw them in his possession. Woods said appellant told him he killed eight hogs. This witness also testified that appellant told him that Cull Wright and Roy Wright helped him butcher said hogs. Neither of these men were called to testify. No one testified to finding in appellant's posesssion any hogs, or the meat of such animals, or any ear marked heads. Woods testified that appellant said the hogs he killed were his, and were in his mark, which he said he had registered in Hemphill, the county seat of Sabine County. Appellant lived near the county line between Sabine and San Augustine counties.

"The record reflects that Mr. Woods testified that he examined the records in Sabine County and found that appellant's mark as registered was an under-slope and under-bit in the left ear, and crop and split in the right ear. While on the witness stand Woods was asked to put his own mark on a piece of paper and explain it. Apparently he did so, and testified 'This is a crop and split. That is the. under-bit and this is the under-slope.'

"Appellant at no time admitted that the hogs killed by him belonged to Woods. Woods at no time saw his hogs in possession of appellant, and his statement to the jury that said hogs were his was but a conclusion, and can not be held by us to be a statement of a supported fact."

The motion for rehearing is overruled.

*Overruled.*