## B. F. "Lefty" Fowler v. State.

No. 25035. January 3, 1951.

*Burks & McNeil*, Lubbock, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The offense is the unlawful carrying of a pistol; the punishment, a fine of $250.

About 12:30 o'clock, a.m., Earthman and Gordon, two policemen of the city of Lubbock, saw appellant park his automobile near a cafe. One of the officers testified that as they approached him appellant "turned around and saw us, and when he saw us, he turned back around and I saw his shoulder duck down like he was putting something under the seat, and he finished parking the car." When appellant got out of his car, Policeman Gordon "went on the other side, shined his flashlight into the car to look around," after which he joined Policeman Earthman and appellant. When he heard Earthman ask appellant "if he had a gun on him" appellant replied, "No," whereupon Gordon "wheeled around and looked under the car seat and found a gun." When appellant "saw that Officer Gordon was going to look in the car anyway, he said 'I have a gun,' or 'There is a gun in the car' or something to that effect."

The foregoing facts are taken from those certified in the bill of exception which also certifies "the officers did not have a search warrant, or a warrant of arrest, and except as herein shown, they had no probable cause for searching the defendant's automobile."

The admissibility of the testimony as to the finding of the gun in appellant's automobile is under attack because it was obtained as a result of an illegal search of the automobile.

It is insisted by the state that appellant not only consented to the search but admitted that he had a gun in the car.

The effect of the certificates in the bill of exception is that appellant, after denying he had a gun, made the statement, when he saw the policeman was going to search the car, "I have a gun," or, "There is a gun in the car." There was no request made, nor permission expressly given, for the search of the automobile, nor was any objection interposed. Appellant's statement was an admission that he had a gun in the car. But such admission, alone, would not constitute proof of appellant's guilt. Therefore, it was necessary in order to convict that the state show under the facts here presented that there was a pistol in the car. To accomplish this, a search of the car was necessary. It is apparent, then, that appellant's guilt depended upon the legality of the search of the car.

Under the facts, no offense which would authorize appellant's arrest without a warrant was being committed in the presence of the policemen. The search of the car, therefore, must depend upon the existence of probable cause to warrant and authorize the search.

We cannot bring ourselves to the conclusion that the facts above stated constituted that probable cause. See Williams v. State, 118 Tex. Cr. R. 369, 40 S. W. 2d 142.

The search of appellant's automobile being illegal and the state's case being dependent upon the legality of the search, a reversal of the conviction is required.

The judgment is reversed and the cause remanded.

Opinion approved by the court.