Ismael MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 37665.

Court of Criminal Appeals of Texas.

Feb. 17, 1965.

Rehearing Denied March 24, 1965.

Marvin Foster, Jr., Corpus Christi, for appellant.

Sam L. Jones, Jr., Dist. Atty., Corpus Christi, Clifford L. Zarsky, 1st Asst. Dist. Atty., Corpus Christi, and Douglas Tinker, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is the unlawful possession of marihuana; the punishment, two years.

Witnesses for the state testified:

Appellant's apartment was searched and a coffee can containing marihuana was discovered. One of the searching officers went to a nearby cafe where appellant was at work and brought him to the apartment where he identified the coffee can containing the marihuana as belonging to him, and placed his initials on the can.

Appellant's written confession to the same effect was introduced in evidence.

The officers were permitted to testify regarding the search and the fruits thereof, and the can of marihuana was introduced in evidence over objection that such evidence was obtained as the result of an unlawful search.

The state concedes that under recent decisions of the U. S. Supreme Court and of this Court the search warrant and affidavit therefor do not meet the requirements of our Federal and State Constitutions, but seeks to invoke the rule that the erroneous admission of testimony is not cause for reversal if the same facts are proven by other proper testimony. The state cites Hughes v. State, 163 Tex.Cr.R. 224, 289 S.W.2d 768; Rao v. State, 160 Tex.Cr.R. 416, 271 S.W.2d 426; MacKenna v. State, 164 Tex.Cr.R. 623, 301 S.W.2d 657; Burns v. State, 123 Tex.Cr.R. 213, 57 S.W.2d 836. See also McCain v. State, Tex.Cr.App., 363 S.W.2d 257; Rodriguez v. State, 168 Tex.Cr.R. 481, 329 S.W.2d 282; Welch v. State, 143 Tex.Cr.R. 529, 154 S.W.2d 248; 23 Tex.Jur.2d, Sec. 149.

The "other proper testimony" pointed out by the state is the confession of the appellant when he was brought to the scene, after the marihuana had been found, and his written confession. Law v. State, 115 Tex.Cr.R. 47, 27 S.W.2d 174, cited by the state, sustains the state's position.

We are cited to no other decision and know of none which holds that appellant's confession alone renders harmless the introduction of evidence illegally obtained as the result of an unlawful search.

In Mireles v. State, 114 Tex.Cr.R. 6, 23 S.W.2d 727, cited and relied upon in Law v. State, supra, the same facts shown by the evidence claimed to have been unlawfully obtained were before the jury by evidence other than and in addition to the confession of the defendant.

A conviction cannot be had upon the uncorroborated confession of the accused. Marsh v. State, 170 Tex.Cr.R. 512, 342 S.W.2d 435; Board v. State, 167 Tex. Cr.R. 349, 320 S.W.2d 668; Jacks v. State, 133 Tex.Cr.R. 242, 109 S.W.2d 762; and other cases cited in Texas Digest, Criminal Law,

Law v. State, 115 Tex.Cr.R. 47, 27 S.W. 2d 174, is overruled.

Without the illegally obtained evidence showing that marihuana was found in appellant's home, there is no corroboration of appellant's confession.

The judgment is reversed and the cause remanded.

MORRISON, Judge (concurring).

The rule as summarized in 5 Tex.Jur.2d, Sec. 446, p. 708, is as follows: "* * * nor will a judgment be reversed because of the admission of testimony of officers respecting facts obtained on an illegal search where the same facts are testified to by other witnesses or by the accused himself." I concur in the reversal of this

conviction, but do so on the assumption that the phrase "other proper testimony" as used in the majority opinion is synonymous to the rule set forth above.