Michael Bates v. The State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-087-CR
&
No. 10-98-088-CR

Â Â Â Â Â MICHAEL OâNEAL BATES,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 77th District Court
 Limestone County, Texas
Trial Court Nos. 8254-A & 8213-A
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Michael OâNeal Bates appeals from judgments revoking his probation for the offenses of
delivery and possession of less than twenty-eight grams of cocaine. Bates has filed motions to
dismiss his appeals. In relevant portion, Rule 42.2 of the Texas Rules of Appellate Procedure
states:
(a) At any time before the appellate courtâs decision, the appellate court may dismiss the
appeal if the appellant withdraws his or her notice of appeal. The appellant and his or
her attorney must sign the written withdrawal and file it in duplicate with the appellate
clerk, who must immediately send the duplicate copy to the trial court clerk.

Tex. R. App. P. 42.2(a).
Â Â Â Â Â Â We have not issued decisions in these appeals. The motions are signed by both Bates and his
attorney. Thus, the motions meet the requirements of the rules and are granted.
Â Â Â Â Â Â Batesâ appeals are dismissed.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Davis,
Â Â Â Â Â Â Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Â Â Â Â Â Â Justice Vance
Appeals dismissed
Opinion delivered and filed June 3, 1998
Do not publishÂ Â Â Â 



. App. 2000); see Williams
v. State, 118 Tex. Crim. 369, 371, 40 S.W.2d 142, 143 (1931).  ÂThe quantum
of information which constitutes probable causeÂ is Âevidence which would
Âwarrant a man of reasonable caution in the beliefÂ that aÂ crime Âhas been
committed.ÂÂ  Wong Sun v. United States, 371 U.S. 471, 479 (1963)
(quoting Carroll v. United States, 267 U.S. 132, 162 (1925)); see
Castro v. State, 227 S.W.3d 737, 742 (Tex. Crim. App. 2007); Parker v.
State, 206 S.W.3d 593, 593 (Tex. Crim. App. 2006); Â Ford v. State, 158
S.W.3d 488, 493 (Tex. Crim. App. 2005); Jones v. State, 493 S.W.2d 933,
935 (Tex. Crim. App. 1973).

Â Â Â Â Â Â Â  We consider first DavisÂs argument that the arresting officerÂs initial stop of Davis Âwas not justified.ÂÂ 
(Br. at 10.)Â  DavisÂs argument is as follows: ÂIn this case, we are challenging
the statements made byÂ the arresting officer, Âas well as the historical facts
of the case.Â  Once this court views the videotape (St. Ex. 1) it will determine
the lack of probable cause for the initial pulling over of appellant.Â[1]Â  (Br. at 11.)Â  The trial court made findings of fact and conclusions
of law.Â  Concerning the arresting officerÂs stop of DavisÂs car, the trial
court found:

1.Â Â Â  That
Officer Terry Mason stopped a motor vehicle driven by Jason Maltino Davis for a
defective license plate light .Â .Â .

.Â .Â .Â 

14.Â  That Officer Mason is a credible
witness, and the Court accepts as true his testimony regarding his observations
of the defendant and his conversations with the defendant.

(I C.R. at 29-30; see id. at
30-31); Tex. Transp. Code Ann.
Â§Â§Â 542.301, 547.322(f) (Vernon 1999); Conde v. State, 135 S.W.3d
252, 257 (Tex. App.ÂWaco 2004, no pet.).Â  Officer MasonÂs testimony supports
the trial courtÂs finding.Â  For example, in describing the stop of Davis, Officer Mason testified as follows on direct examination by the State:

Â Â Â Â Â Â Â  Q.Â Â Â  Okay.Â  Do you recall stopping a
vehicle about eleven oÂclock or so at night?

Â Â Â Â Â Â Â  A.Â Â Â  Yes, I do.

Â Â Â Â Â Â Â  .Â .Â .Â .

Â Â Â Â Â Â Â  Q.Â Â Â  Okay.Â  And what was the reason for
the traffic stop?

Â Â Â Â Â Â Â  A.Â Â Â  The reason for the traffic stop was
a defective license plate light.

Â Â Â Â Â Â Â  .Â .Â .Â .

Â Â Â Â Â Â Â  Q.Â Â Â  Okay.Â  Can you describe the lighting
for the Court .Â .Â .Â ?

Â Â Â Â Â Â Â  A.Â Â Â  In that area itÂs pretty
dark.Â .Â .Â .Â  ThereÂs no street lights or anything in that area.

Â Â Â Â Â Â Â  Q.Â Â Â  And did you have any trouble
spotting that the license plate light was not working?

Â Â Â Â Â Â Â  A.Â Â Â  No, sir, I did not.

(1 R.R. at 7.)Â  StateÂs Exhibit No. 1,
a video recording of the stop of Davis, does not appear to show DavisÂs license plate when not in the bright glare of the officerÂs headlights, and thus
does not show whether DavisÂs license-plate light was defective.Â  Viewing the
evidence in the light most favorable to the trial courtÂs finding, and giving
due deference to the trial courtÂs credibility determinations, we hold that Davis does not show that the trial courtÂs findings were not supported by the record.

Â Â Â Â Â Â Â  We consider next DavisÂs argument that Officer MasonÂs search was ÂoverbroadÂ in scope.Â  (Br. at 8.)Â  Concerning Officer MasonÂs search of DavisÂs car, the trial court found:

6.Â Â Â  That Officer Mason observed in
plain view an open alcoholic beverage container in the passenger compartment of
the motor vehicle on the floorboard behind the driver.

.Â .Â .Â 

8.Â Â Â  That Officer Mason conducted a
search of the motor vehicle to look for additional open alcoholic beverage
containers.

9.Â Â Â  That upon searching, Officer
Mason discovered an additional open alcoholic beverage container under the
driverÂs seat of the motor vehicle.

10.Â  That upon searching Officer Mason
discovered a white substance in the center console of the motor vehicle.

11.Â  That Officer Mason field tested
the white substance discovered in the search and the result was positive for
cocaine.

(I C.R. at 30; see id. at
30-31); Tex. Pen. Code Ann.
Â§Â 49.031(b) (Vernon 2003).Â  Davis concedes that Â[i]f probable cause
justifies the search of a lawfully stopped vehicle, it justifies the search of every
part of the vehicle and its contents that may conceal the object of the
search.ÂÂ  (Br. at 9 (quoting Wyoming v. Houghton, 526 U.S. 295, 301 (1999)
(quoting United States v. Ross, 456 U.S. 798, 825 (1982)) (emphasis
added in Houghton)).)Â  Davis argues, however, that Officer Mason
Âsearched underneath a tray in the center console for open containers,Â and
argues Âthat this impermissibly exceeded the scope of the search for open
containers, as an unopened container was not able to be secreted in the bottom
of the console.ÂÂ  (Br. at 10.)Â  But Officer MasonÂs testimony supports the
trial courtÂs finding.Â  For example, Officer Mason testified as follows on
direct examination by the State:

Â Â Â Â Â Â Â  Q.Â Â Â  And upon searching the vehicle, what
did you find, if anything?

Â Â Â Â Â Â Â  A.Â Â Â  .Â .Â .Â .Â  [W]hen I
looked in the center console, I noticed a white, small plastic baggy containing
a white, powdery substance and immediately beneath that I saw several white
rocks.

Â Â Â Â Â Â Â  .Â .Â .Â .

Â Â Â Â Â Â Â  Q.Â Â Â  And your purpose for searching the
console, what was that?

Â Â Â Â Â Â Â  A.Â Â Â  The center console was just another
area where contraband can be hidden.Â  In that particular vehicle the console is
fairly deep so you can hide anything else in there.

Â Â Â Â Â Â Â  Q.Â Â Â  Could you hide an alcoholic beverage
in the console?

Â Â Â Â Â Â Â  A.Â Â Â  Yes,
sir, you could.

(1 R.R. at 12-13.)Â  Davis does not
point to any evidence supporting his argument.Â  We understand Davis to refer to
the following testimony by Officer Mason on cross-examination concerning the
tray in the console in DavisÂs car:

Â Â Â Â Â Â  Q.Â Â  All right.Â  Do yÂallÂto
get to the console to the drugs, you had to open the console, pull it up to the
drugs, you had to open the console?

Â Â Â Â Â Â  A.Â Â Â  Yes, sir.

Â Â Â Â Â Â  Q.Â Â  Pull it up, the door on
top of it?

Â Â Â Â Â Â  A.Â Â Â  Yes, sir.

Â Â Â Â Â Â  Q.Â Â  Okay.Â  Or did you pull up
the whole compartment?

Â Â Â Â Â Â  A.Â Â Â  When I opened it, yes,
sir, thereÂs a tray.Â  A tray that sits on top of it.

Â Â Â Â Â Â  Q.Â Â  ItÂs a tray and you opened
it up.

Â Â Â Â Â Â  A.Â Â Â  Yes, sir.

(1 R.R. at 23.)Â  We do not understand
that testimony to support DavisÂs argument that an open container could not
have been concealed inside the console.Â  Viewing the evidence in the light most
favorable to the trial courtÂs finding, and giving due deference to the trial
courtÂs credibility determinations, we hold that Davis does not show that the
trial courtÂs findings were not supported by the record.Â  Nor, on the basis of
those findings, did the trial court err in concluding that the search did not
exceed its proper scope.

Â Â Â Â Â Â Â  Lastly, Davis also argues that
the search of DavisÂs car was not a valid search incident to arrest.Â  See
Knowles v. Iowa, 525 U.S. 113, 116-17 (1998); Chimel v. California, 395 U.S. 752, 762-63 (1969); Â State v. Gray, 158 S.W.3d 465, 469-70
(Tex. Crim. App. 2005); Corbitt v. State, 445 S.W.2d 184, 186 (Tex.
Crim. App. 1969).Â  Because we do not hold that the search of DavisÂs car was a
search incident to arrest, we need not address that argument.

Â Â Â Â Â Â Â  The trial court did not abuse
its discretion in overruling DavisÂs motion.Â  We overrule DavisÂs issue.

Â Â Â Â Â Â Â  Having
overruled DavisÂs sole issue, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

Â Â Â Â Â Â Â  Justice Vance, and

Â Â Â Â Â Â Â  Justice Reyna

Â Â Â Â Â Â Â  (Justice
Vance concurs in the judgment with a note)*

Affirmed

Opinion delivered and filed February 27, 2008

Do not publish

[CR25]

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â  *
Â(I do not believe that it is reasonable to infer that an open container could
be secreted under the tray of the center console of an automobile.Â  The
testimony of the officer was that an Âalcoholic beverageÂ could be there, but
an alcoholic beverage is not necessarily an open container.Â  There appear to be
no Texas cases on the scope of a permissible search when the probable cause to
search is possession of contraband in the form of an open container in
violation of Penal Code Section 49.031.Â  Nevertheless, because I believe that
the search was valid as incident to the arrest, I concur in the judgment.Â  State
v. Oages, 227 S.W.3d 397, 400-01 (Tex. App.ÂEastland 2007, pet. refÂd----)
(citing Crittenden v. State, 899 S.W.2d 668, 678 (Tex. Crim. App.
1995)).)Â









Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  [1]Â Davis does not direct us to any portion of StateÂs Exhibit No. 1 that would support his
argument.Â  We assume without deciding that Davis adequately briefs his
argument.Â  Cf. Tex. R. App. P. 33.1(a), 38.1(h); Gallo
v. State, 239 S.W.3d 757, 758 (Tex. Crim. App. 2007); Heiselbetz v.
State, 906 S.W.2d 500, 512 (Tex. Crim. App. 1995); Narvaiz v. State, 840
S.W.2d 415, 429 (Tex. Crim. App. 1992).Â