11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Edward
Aloysius Mahan, III

Appellant

Vs.                   No. 11-01-00171-CR B Appeal from
Taylor County

State
of Texas

Appellee

 

The trial court convicted appellant, upon his plea of
guilty, of burglary of a building and assessed his punishment at confinement
for 18 months in a state jail facility and a $1,000 fine.  Pursuant to the plea bargain agreement, the
imposition of the confinement portion of the sentence was suspended; and
appellant was placed on community supervision for 3 years.  In its amended motion to revoke, the State
alleged that appellant committed 20 violations of the terms and conditions of
his community supervision.  At the
hearing on the amended motion to revoke, appellant entered pleas of true to
Paragraphs Nos. 1, 2, 4 through 9, and 11 through 20 and not true to Paragraphs
Nos. 3 and 10.  The State then waived
Paragraphs Nos. 3 and 10.  The State
presented no evidence.  After hearing
the testimony of appellant and his wife, the trial court found the State=s live
allegations to be true, revoked appellant=s community supervision, and imposed the
original sentence of confinement for 18 months in a state jail facility.  We affirm.

In his sole point of error, appellant contends that the
trial court abused its discretion in revoking his community supervision because
the grounds alleged for revocation were not established by the evidence.  Appellant contends that the failure of the
State to in some way corroborate his plea of true to the allegations of
community supervision violations is analogous to the situation where, in a
trial on the merits, the defendant=s confession is not corroborated as in
Martinez v. State, 387 S.W.2d 673 (Tex.Cr.App.1965), and McBride v. State, 803
S.W.2d 741 (Tex.App. - Dallas 1990), pet=n dism=d, 819 S.W.2d
552 (Tex.Cr.App.1991). We disagree.           








Unlike the defendants in Martinez and McBride,  appellant had already been convicted of the
offense of burglary of a building; and the issue before the trial court was
whether or not appellant had complied with the terms and conditions of his
community supervision.  A plea of true
alone is sufficient to support the trial court=s determination to revoke.[1]  Moses v. State, 590 S.W.2d 469
(Tex.Cr.App.1979); Cole v. State, 578 S.W.2d 127 (Tex.Cr.App.1979); Moore v.
State, 11 S.W.3d 495 (Tex.App. - Houston [14th Dist.] 2000, no pet=n); Hays v.
State, 933 S.W.2d 659 (Tex.App. - San Antonio 1996, no pet=n); Burns v.
State, 835 S.W.2d 733 (Tex.App. - Corpus Christi 1992, pet=n ref=d); Battles v.
State, 626 S.W.2d 149 (Tex.App. - Fort Worth 1981, no pet=n).  The trial court did not abuse its discretion
in revoking appellant=s community supervision upon his pleas of true.[2]  The point of error is overruled.

The order of the trial court is affirmed.

 

PER CURIAM

 

November
30, 2001

Do
not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists
of: Arnot, C.J., and

Wright, J., and
McCall, J.











[1]The present case is
distinguishable from the case cited by appellant.  In Biddy v. State, 501 S.W.2d 104 (Tex.Cr.App.1973), the court
was not addressing a situation where the defendant  entered a plea of true but was concerned that neither his oral
confession nor his written statement contained sufficient facts to show that a
violation had occurred.





[2]Moreover, we note that
appellant testified that he had Astayed
clean and out of trouble for about eight months@ but then Aslipped up and started using marijuana again@;  that he had failed to make his court-ordered
payments; that he was Aout goofing off,@ when he broke into a
vehicle at the mall; and that he had not taken community supervision Aseriously when [he] first
got it.@  Appellant asked the trial court to give him another chance and to
put him on an ankle monitor because his Awife needs somebody there to take care of [his]
kids.@