## Isaiah Neely v. The State.

### No. 8720.   Delivered April 22, 1925.

**1.—Being Drunk—Indictment—Held Sufficient.**

Where an indictment charges the appellant with being drunk in a public place, and follows the statute and the approved forms, it is sufficient. Following Howard v. State, 174 S. W. 607; Harper v. State, 198 S. W. 786.

**2.—Same—Evidence—Of Being Drunk—Properly Admitted.**

The court properly permitted witnesses in this case to testify that in their opinion appellant was drunk, at the time, and place alleged. This court has uniformly *held* that a non expert witness may give his opinion that a party is drunk. Following Stewart v. State, 44 S. W. 505 and other cases cited.

**3.—Same—Bills of Exception—Not Considered.**

Where a bill of exceptions states no facts, but merely gives the objection urged to the testimony, it cannot be considered by this court.

Appeal from the District Court of Hall County. Tried below before the Hon. A. C. Hoffman, Judge.

Appeal from a conviction for being drunk in a public place; penalty, a fine of $25.00.

The opinion states the case.

*Elliott & Moss,* of Memphis, for appellant.

*W. A. McIntosh,* ex-county Attorney, of Memphis; *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the county court of Hall county for the offense of being drunk in a public place, and his punishment was assessed at a fine of $25.00.

Appellant's first and second assignments complain of the court's action in not granting his motion to quash the indictment. The indictment follows the statute and the approved forms, and is sufficient. Howard v. State, 174 S. W. 607; Harper v. State, 198 S. W. 786.

By two assignments appellant complains because the court permitted the witnesses Weatherly and Nivins to give their opinion that appellant was drunk at the time and place alleged. This court has uniformly held that a non-expert witness may give his opinion that a party is drunk. Stewart v. State, 44 S. W. 505; Pace v. State, 79 S. W. 531; Henderson v. State, 91 S. W. 569.

Complaint is made that the witness Weatherly was permitted to state that he saw appellant in a public road, for the reason that this was hearsay and an opinion and conclusion of the witness. The bill of exception presenting this matter states no facts, but merely gives the objections urged to this testimony. In this state of the record we can not consider the bill.

Finding no error in the record, the case is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.