BENEFICIO TENDIA V. THE STATE.

No. 10229.   Delivered April 27, 1927.
Rehearing granted February 6, 1929.

The opinion states the case.

*Louis D. Hill* of San Marcos, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—The conviction is for the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

A summary of the facts proved is as follows: Allen, the sheriff, having two Mexicans in his custody and while traveling upon the public road, met an automobile driven by the appellant Tendia. The sheriff was not acquainted with the appellant, but the latter was acquainted with one of the Mexicans who was in the sheriff's car. As he approached he waved his hand indicating that he desired that the car driven by the sheriff be stopped. It was stopped and the appellant got out of his car, walked to that occupied by the sheriff, and the Mexicans engaged in a conversation with each other. It appears that the appellant was a stranger in the country and did not know the sheriff. At least, this is the inference drawn from the evidence. Without disclosing his identity as an officer, the sheriff, while the appellant was conversing with one of the occupants of the sheriff's car, got out and walked to the car of the appellant which was standing on the road. He observed a grass sack on the floor of the car between the front and back seats. Observing that the grass sack contained something, the sheriff reached his hand into the car, raised the sack and observed a five-gallon jug which was laying on its side. He straightened the jug up and removed the stopper and found that it contained whisky. In making his observation he removed nothing. The sack was observable from his position in the road. At some time during the transaction, the sheriff asked the appellant what he had, and the appellant said it was water. According to the sheriff's best recollection, this occurred at the time he straightened the jug up.

Objection to the officer's testimony was made upon the ground that he was not possessed of a search warrant, and that the information which he conveyed to the jury was acquired in violation of the statutes of this state; also the Constitution of this state and the United States. Appellant refers to Art. 1, Sec. 9 of the Bill of Rights forbidding unreasonable searches and seizures "without probable cause" supported by oath or affirmation;" also Art. 4a, C. C. P., 1925, forbidding search without a warrant, and Art. 727a, C. C. P. 1925, which reads as follows:

"No evidence obtained by an officer or other person in violation of any provision of the constitution or laws of the State of Texas, or of the United States of America, shall be admitted in evidence against the accused on trial of any criminal case."

Under the law of this state, we have held in the case of Odenthal v. State, 290 S. W. R. 743, and Battle v. State, 290 S. W. R. 762, and now re-assert, that neither the Constitution of the State nor the statutes mentioned are violated in the search of an automobile upon the public road which is engaged in the transportation of intoxicating liquor when the officer making the search has probable cause therefor. By "probable cause" is meant:

"A reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." (Landa v. Obert, 45 Texas Report, 539.)

Another definition is: "If the facts and circumstances before the officer are such as to warrant a man of prudence and caution in believing that an offense has been committed, it is sufficient." See Carroll v. United States, 69 Law Ed. 543, 267 U. S. 132.

It is believed that the facts developed in the present instance are sufficient to meet the measure of the law touching probable cause. In other words, that the circumstances in the possession of the sheriff were sufficiently strong in themselves to warrant a cautious man in the belief that the appellant was transporting intoxicating liquor in this automobile.

Because the evidence is deemed sufficient to warrant the search by virtue of the authorities mentioned, and the facts disclosed are sufficient to support the conviction, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

Admitting as correct the construction of the Constitution of the United States and of this State relating to searches of automobiles upon "probable cause" without search warrant as announced in Carroll v. U. S., 69 L. Ed. 543, 267 U. S. 132; Odenthal v. State, 290 S. W. 743, and Battle v. State, 290 S. W. 762, appellant earnestly insists that in applying the principle to the facts of this case we were in error. His analysis of the facts in the motion for rehearing has challenged our attention.

In the cases cited it is clear that the Supreme Court of the U. S. and this court are committed to the sound proposition that a search unlawful in its incipiency is not made lawful by the fact that contraband goods are found, but that the facts and circumstances known to the officers in advance of the search must be such as to warrant a man of prudence and caution to believe the vehicle search contained

goods denounced as contraband. There is stated in the original opinion enough of the testimony to show that the sheriff met appellant on the public highway, that appellant being acquainted with the Mexicans in the sheriff's car waved to them to stop and both cars did stop within ten or fifteen feet of each other and appellant got out of the car in which were his wife and children, approached the sheriff's car and engaged in conversation with the Mexicans in it. The record nowhere reflects that anything was said in this conversation which could have impressed the officer with the belief that appellant had whisky in his car or that anything in appellant's manner suggested it. Appellant and the officer were strangers to each other. The latter had no knowledge or information from any source even remotely intimating that appellant had been theretofore or was then connected with intoxicating liquor; neither does the record intimate that prior to the search the officer knew or suspected appellant was violating in the officer's presence any law which would justify an arrest. Up to this time everything was regular, apparently nothing more than citizens meeting on the highway, one waving to the other and both stopping for a conversation. At this point the sheriff left his car and stepped over to that of appellant upon the back seat of where were appellant's wife and children. The officer glanced in the car and observed on the floor at the feet of appellant's wife a grass or "tow" sack. The officer had not touched appellant's car or anything in it and we fail to see up to this time any invasion of appellant's constitutional or legal rights. To our minds here must be the turning point in this case. The officer does not testify that the sack had an peculiar shape or outward appearance indicating that a container of intoxicating liquor might be beneath or in it. If so the facts might bring the case within the principle announced in Rochelle v. State, 107 Tex. Cr. R. 79, 294 S. W. 860, where the officers observed in accused's automobile an open fruit jar container with jars in it, wherein we held that such fact furnished "probable cause" which authorized a search. Upon observing the sack in appellant's car the officer reached in the car, removed the sack and found in or under it a jug containing intoxicating liquor. If this conviction is to stand it must be because as a result of the search intoxicating liquor was found, although no facts were stated by the officer upon the trial which showed any antecedent information or knowledge of facts or circumstances which furnished "probable cause" to authorize it. The searching act of an officer should be legal regardless of the result of the search. If upon removal of

the sack in question it had been found to contain plow points, harness, or any one of a thousand innocent articles, and the officer had been prosecuted under the provisions of Art. 4A, C. C. P., it would have been difficult to defend in the absence of proof that the appearance and shape of the sack was such that it led the officer as a prudent man to believe it concealed articles which offended against the law. If he had made the search having "probable cause" to do so, his act would not be subject to criticism whatever the search revealed. Many illustrative cases from other jurisdictions will be found on pages 183 to 187 Cornelius on Search & Seizure.

Appellant appears to be only an humble citizen of the state, but he is entitled to the protection of the law in the preservation of his constitutional rights from invasion. From what has been said it follows that we have concluded that the motion for rehearing should be granted, the affirmance set aside, and the judgment be now reversed and the cause remanded.

*Reversed and remanded.*

### DISSENTING OPINION.

LATTIMORE, JUDGE.—I cannot agree to the granting of appellant's motion for rehearing, or the reversal of this case. There is no dispute of the guilt of appellant of transporting intoxicating liquor on the occasion in question. No claim was made that such transportation was for any purpose excepted by our Constitution. If the motion be granted and the case be reversed, it must be for reasons based on the supposed illegal search of appellant's car by the sheriff. One seeking to escape punishment for a felony of which he is clearly guilty, upon such ground, should be held to the same strictness in presenting his defense, which he seeks to exact of the State in making out its case.

Five bills of exception are in this record, the sufficience of none of which was considered by this court in the preparation of its original opinion herein. Bill No. 1 sets out that Sheriff Allen testified, among other things, as follows:

"Beneficio, the defendant, then came over and talked to the Mexican that I had in the car with me, while he was talking to the Mexican in my car, I got out of my car and walked over to his car, and looked in his car, I did not get up in his car; I just walked to the side of the car, and just looked over in his car.

"When I first looked in, I did not move or touch anything at all; I just stood on the ground in the road and looked in his car. It

was a five passenger car; I looked in the back of the car, I looked from the ground into the back of the car. By "looking into the car," I mean that I merely cast my eyes over there; I didn't use my hands and move anything at all.

"In the back of his car, there was something in a grass sack. It was between the seats, lying between the front and back seats on the floor of the car. That grass sack and something in it could be seen from the place where I was standing, without moving or touching anything at all. * * *

"We were both driving when we met, and when he stopped his car I am pretty sure that I backed up to where he was. The other Mexican that was with me is Machado, who was convicted here on Monday, I found out afterwards that he knew the defendant; I didn't know that he did. I imagine when I stopped that there was eight or ten feet between the two cars, something like that; the cars were pretty close together. The defendant came over to my car and talked to Machado. He talked to Machado; and I believe that I walked over to the car before he came back; by the time I got over to the car, I am pretty sure that Tendia walked to the car, but he was standing at my car when I left my car. He walked back to his car. When I went to his car, he went back also.

"Standing on the road by the side of Beneficio's car I say that I saw a tow sack with something contained in it."

This testimony thus set out was clearly not open to any objection made. Said bill shows that all this testimony, together with other, was given by the officer and objected to in solido, by a blanket objection made alike to all this admissible testimony, as well as to other facts of doubtful admissibility. There is probably no better settled rule of procedure in this State than that such a bill of exceptions is insufficient. If part of the testimony set out in a given bill, be admissible,—and part not, and the objection made be to the whole, such bill is not good. Bedgood v. State, 109 Texas Crim. Rep. 104; Smith v. State, 105 Texas Crim. Rep. 328. In Smith v. State, supra, Payton v. State, 35 Texas Crim. Rep. 510; Gaines v. State, 37 S. W. Rep. 333; Tubb v. State, 55 Texas Crim. Rep. 623; Cabral v. State, 57 Texas Crim. Rep. 304, and Solosky v. State, 90 Texas Crim. Rep. 537, are cited. See also Smith v. State, 105 Texas Crim. Rep. 328; Sapp v. State, 87 Texas Crim. Rep. 606; Leal v. State, 106 Texas Crim. Rep. 68; Arredondo v. State, 106 Tex. Crim. Rep. 78; Rutherford v. State, 277 S. W. Rep. 669. Mr. Branch in Sec. 211 of his Annotated P. C., cites many authorities supporting

this rule. Bill of exceptions No. 2 is in exactly the same condition as the one just referred to.

Bill of exceptions No. 3 sets out lengthy objections to the introduction in evidence of a jug of whisky, at the conclusion of the statement of which objections, said bill states that the court overruled the objections and admitted the evidence. Under all the authorities a bill which merely states the objections made and in nowise verifies the facts thus stated as objections, is not a good bill. Neely v. State, 100 Texas Crim. Rep. 76; Pasos v. State, 100 Texas Crim. Rep. 54; Hughes v. State, 100 Texas Crim. Rep. 530; Rufony v. State, 93 Texas Crim. Rep. 380; Oliver v. State, 97 .Texas Crim. Rep. 194; Rambo v. State, 96 Texas Crim. Rep. 387. Bills Nos. 4 and 5 complain of the refusal of special charges, refusal of neither of which presents error. Since the three bills of exception mentioned cannot be considered without doing violence to rules too well settled to permit of disregard, the writer forbears discussion of the contents of said bills further than to say that he is in accord with the conclusion reached and announced in the original opinion.

Being unwilling to sanction a reversal when the bills of exception are unquestionably in the condition above set out, and the guilt of the appellant is undenied, I most respectfully enter by dissent from the judgment granting the rehearing and reversing the cause.