L. A. Talley v. The State.

No. 12764.  Delivered January 15, 1930.
Reported in 24 S. W. (2d) 38.

The opinion states the case.

*V. L. Shurtleff* of Breckenridge, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—Unlawfully transporting intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of two years.

An officer testified that while driving upon the road in an automobile he met the appellant who was also in an automobile; that he saw therein what he took to be a jug and concluded that it contained whisky.  After they passed the officer turned his car and followed that of the appellant, who drove into the city of Breckenridge and stopped in the yard of his residence some seven or eight feet from the wall of the house and about the same distance from the street.  The officer entered the yard and searched the car.  On cross-examination he said:

"When I first observed this water bottle in his car it was wrapped in a sack.  You ask me if I could see anything but a sack, whether I could tell whether a bottle was in the sack or anything until I got to the car and I answer I supposed it was but couldn't tell until I got hold of it.  It afterwards developed that it was a five-gallon water bottle—with whisky in it.  It is true that at the time I met him I couldn't tell whether this water bottle was full of whisky, water or anything; I couldn't see for the sack.  He then drove inside his yard where he lives.  He stopped his car about seven or eight feet from

his house, in his yard, and the car was standing there when I entered the yard and went to his car and searched it—I ran up to the car before he got out of it. That is where it was when I searched it and found the whisky. I had no search warrant."

No testimony of knowledge or information other than that above quoted is found in the record. The yard was fenced and the officer drove inside of the enclosure.

The introduction of the testimony of the officer showing the result of the search was opposed upon the ground that it was obtained in violation of the law, and the question is before this court for review. It is not believed that the information possessed by the officer prior to the search amounted to more than a bare suspicion and that it did not meet the measure of the law defining probable cause, namely, "a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." (Landa v. Obert, 45 Tex. Rep. 539.) The evidence, so far as it invokes the legal question, is not dissimilar to that which was before the court in the case of Odenthal v. State, on motion for rehearing, which appears in 106 Tex. Cr. R. 7. The facts are strikingly like those before the court in the case of Tendia v. State, 13 S. W. (2d) 850, in the opinion on motion for rehearing. The controlling facts in the cases of Deavers v. State, 13 S. W. (2d) 86; Hardiway v. State, 2 S. W. (2d) 455; and Mims v. State, 1 S. W. (2d) 303, are materially variant from those involved in the present appeal.

Touching the other questions raised by the appellant we express no opinion.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*