# JANUARY 17, 1934

### R. M. BLACKBURN V. THE STATE.

No. 15942. Delivered June 14, 1933.
Rehearing Denied October 18, 1933.
On Motion to Recall Mandate, January 17, 1934.
Reported in 66 S. W. (2d) 697.

The opinion states the case.

*Callaway & Callaway,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

The only statement of facts appearing in this record bears no file marks of the court below. It can not be considered by us. The statute requires that the statement of facts in a felony case be filed in the court below within ninety days from the giving of notice of appeal. We can not appraise the bills of exception in the absence of a statement of facts.

No error appearing, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The record has been corrected so as to authorize the consideration of the statement of facts.

The state's witness, Albert Oakley, testified that on or about the 30th of November, 1932, he saw the appellant about seventeen miles from Burnet on the side of a public road. The appellant was sitting in his car. He was asleep at the time. The witness attempted to wake him up and smelled liquor on his breath. The witness remained with the appellant for about fifteen minutes. He did not reach in the car but looked in and noticed a blanket lying over a box on the back seat. He saw some pasteboard cases or cartons. The corner of one of the cartons was not covered up by the blanket. The witness left the car and communicated with the sheriff.

Barnett, the sheriff of Burnet County, testified that on the 30th of November, 1932, he received information over the telephone that a car was located about seventeen miles on the Lampasas road; that upon going to the car he saw the appellant sitting in it. Appellant appeared to be asleep, but the witness was of the opinion that he was not asleep. The sheriff smelled liquor on the appellant's breath. Upon looking into the car, the sheriff saw a fruit jar container or case, a part of which was covered

up with a blanket. A further examination revealed the presence of sixty-eight gallons of whisky in the car. The sheriff then arrested the appellant. On cross-examination the sheriff testified that before he opened the door of the appellant's car, he could not tell what was in the carton; that after he opened the door of the car on the side where the appellant was sitting, he could smell the odor of whisky upon his breath. It was not until he opened the door of the appellant's car that the sheriff saw the cases which contained the whisky.

The defense is based upon the claim that the evidence that the appellant possessed intoxicating liquor was obtained through an illegal search, referring to section 9, article 1, Const. of Texas, forbidding an unreasonable search and seizure, and to article 727a, C. C. P., 1925, inhibiting the introduction of evidence acquired through an illegal search. The books are replete with decisions construing section 9, article 1, supra, and article 727a, supra, giving effect to them in favor of the accused under appropriate facts. See Carroll v. United States, 267 U. S., 132, 69 L. Ed., 543, 39 A. L. R., 790; Chapin v. State, 296 S. W., 1095; Tendia v. State, 111 Texas Crim. Rep., 627, 13 S. W. (2d) 849; Nelson v. State, 14 S. W. (2d) 847; Williams v. State, 40 S. W. (2d) 142; Talley v. State, 24 S. W. (2d) 38. Appellant stresses his contention that the facts in the present record are not distinguishable from those reviewed in the cases of Tendia v. State, supra, and Talley v. State, supra. It is said in the cases of Carroll v. United States, supra, and Tendia v. State, supra, that the right to search an automobile without a warrant turns upon whether the facts and circumstances before the officer making the search are such as would warrant a man of prudence and caution in believing that the accused was committing an offense. In the present instance, before making the search, the sheriff was informed that a man who had parked his car upon the public highway was sleep; that he was intoxicated, and that about him and his car there was the odor of intoxicating liquor. There were some cartons in his car, one of which was exposed to view without entering the car. Acting upon such information, the sheriff went to a point about seventeen miles distant, where the appellant was found still in his car, either asleep or feigning asleep. About his car and upon the appellant's breath was the odor of intoxicants. In the carton in the car partly exposed was some intoxicating liquor, and under the blanket were sixty-eight gallons of whisky. It is thought that the facts differentiate the present case from that of Tendia v. State, supra, and also from those developed in the case of Talley v. State, supra. In each of the cases mentioned

there was a jug observed by the officer who made the search. Aside from that fact there was developed in neither case any fact or circumstance which formed a reasonable ground of suspicion sufficiently strong to warrant a cautious man to believe that the accused was committing the offense of which he is charged.

The motion for rehearing is overruled.

*Overruled.*

### ON MOTION TO RECALL MANDATE.

HAWKINS, JUDGE.—Appellant filed a motion asking that we make an order recalling the mandate which was issued under the judgment of date October 18, 1933, in which the motion for new trial was overruled, and also requesting consideration of a motion for rehearing based on said judgment, it being appellant's contention that the original opinion affirming the judgment did not discuss the merits of the case, and that his present motion should be considered a first motion for rehearing.

Appellant predicates his request for a further review of his case upon the claim that we were not authorized in saying in our former opinion that "before making the search (of appellant's car) the sheriff was informed that a man who had parked his car upon a public highway was asleep; that he was intoxicated and that about him and his car there was the odor of intoxicating liquor." Perhaps the evidence did not justify us in the conclusion complained of. Oakley had observed all of the things mentioned but only testified that after doing so he "communicated with the sheriff," without saying what he told the officer. The sheriff testified that by telephone he received information that there was a car out on the public road out about seventeen miles from Burnet. Even though the officer had no further information than last indicated, his acts in the premises were fully justified and his evidence of discovering the intoxicating liquor in the car was properly received. There is no question but that appellant's car was parked in the traveled part of the road and had been there for some time. How long it had been there when Oakley discovered it is not shown, but he stayed about the car for a quarter of an hour, then communicated with the sheriff, and it was about an hour later when the sheriff arrived at the scene, at which time the car was still standing in the road with appellant under the steering wheel apparently asleep. Article 784, P. C. (1925), denounces as an offense the wilful obstruction of a public road. Article 65, C. C. P. (1925), in general terms, provides that the commission of offenses may be prevented by officers of the law. However,

the sheriff in the present instance had direct and specific authority to investigate the presence of appellant's car parked as it was in the public road. Acts 41st Legislature, Second Called Session, chap. 42, sec. 10, reads as follows:

"No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of any incorporated town or city, when it is possible to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway; provided, in no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of 200 feet in each direction upon such highway.

"Whenever any peace officer or license and weight inspector of the Department shall find a vehicle standing upon a highway in violation of the provisions of this section, he is hereby authorized to move such vehicle or require the driver or person in charge of such vehicle to move such vehicle to a position permitted under this section."

Under the terms of the foregoing Act the sheriff had authority to ascertain why appellant's car was parked in the road, to open the door of the car if necessary for that purpose, and to cause appellant to remove the car from the road, or to do it himself. Upon opening the door of the car the sheriff discovered that appellant was intoxicated, and further investigation resulted in finding the sixty-eight gallons of whisky. We discern no act of the sheriff which was a violation of any constitutional provision, either of the Constitution of the United States or of this state, or in violation of any law of our state. The following cases have some bearing on the point under consideration: Pena v. State, 111 Texas Crim. Rep., 218, 12 S. W. (2d) 1015; Hawley v. State, 107 Texas Crim. Rep., 243, 296 S. W., 556; Nuben v. State, 21 S. W. (2d) 1061; Bell v. State, 47 S. W. (2d) 839.

It is apparent from what has been said that it would avail appellant nothing to permit his second motion for rehearing to be filed. His request for such permission is therefore denied and his motion to recall the mandate is overruled.

*Overruled.*