## JIMMIE NOWLIN V. THE STATE.

No. 16403. Delivered February 21, 1934.
Reported in 68 S. W. (2d) 496.

The opinion states the case.

*Kirby, King & Overshiner,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor, punishment being two and one-half years in the penitentiary.

The sheriff, having no search warrant, stopped appellant on the road and searched his car, finding therein eighteen gallons of whisky contained in thirty-six half-gallon fruit jars.

The sole question is whether the officer acted upon probable cause authorizing the search. The jury was retired and in their absence the question was investigated. The evidence upon the point is brought forward in the bill of exception which complains of the court's action in permitting the officer to testify as to the result of the search, and is briefly stated: Edwards was the sheriff of Callahan County. Tollett was a deputy sheriff. On the day of the search Tollett telephoned Edwards that appellant and another party were coming towards Baird and that "his belief was" that appellant was loaded with whisky. The only circumstances communicated to the sheriff as supporting the deputy's opinion was that when he met appellant the latter turned out of the road. Why this should have been regarded by Tollett as a suspicious circumstance is not explained; his communication to the sheriff seemed to have left the latter under the impression that his deputy had made some efforts to stop appellant. The sheriff was not told by the deputy that he had seen any whisky in appellant's car, nor did he give any reason for his belief that appellant had whisky in his car. The only additional information the sheriff had was that officers at Abilene at some previous time, but not on the day of the search,

had conveyed some information or suspicion regarding appellant's connection with whisky. On direct examination the sheriff said he understood from said officers that appellant was hauling whisky through Callahan County. On cross-examination he was asked the direct question if said officers told him that they *knew* appellant was "running" whisky or *thought* he was, to which the sheriff answered: "I don't remember whether they told me they knew he was or thought he was. * * * They gave me that opinion and asked me to detain him if he came through my county." So far as the record shows the sheriff had no further information about appellant than as indicated. It is not shown how long it was before the search that the officers at Abilene had talked to the sheriff. Whenever it was, they did not seem to have given him any facts upon which they based their opinion. After receiving the telephone call from his deputy, the sheriff went out on the road, stopped appellant's car and told him that he (sheriff) was going to "look it over." Appellant said, "All right," but when the sheriff started to search the car appellant drove off. The sheriff drew his pistol and again stopped him and searched the car. The sheriff intended to search the car regardless of what appellant said about it.

This court has so frequently defined probable cause and written regarding the subject that it seems needless to repeat it. It is well understood that an automobile on the highway may be searched without a warrant when the searching officer has *knowledge or information of facts* constituting probable cause. Such probable cause must exist before the search, or arise at the time thereof, and if it does not so exist at the time the search is made, the facts disclosed by the search cannot be used to justify it. Where the information conveys no more than the suspicion or opinion of the informant, it does not amount to information of a fact. On the general propositions stated above, see Carroll v. United States, 267 U. S., 132, 69 L. Ed., 543; Battle v. State, 105 Texas Crim. Rep., 568, 290 S. W., 762; Gunter v. State, 4 S. W. (2d) 978; Talley v. State, 114 Texas Crim. Rep., 11, 24 S. W. (2d) 38; Tendia v. State, 111 Texas Crim. Rep., 627, 13 S. W. (2d) 849; Williams v. State, 118 Texas Crim. Rep., 369, 40 S. W. (2d) 142. The conclusion seems inescapable that in the present case the search was based on suspicion alone. The searching officer saw no whisky in the car prior to the search and nothing was observable indicating the presence of whisky. The information which had reached him from officers at Abilene seems no more than their opinion that appellant was engaged in "running" liquor, and the deputy's information conveyed by telephone on the day of the search

amounted to no more than his opinion to the same effect, without sufficient facts in either case, so far as this record shows, to support the opinion or to authorize the search.

It cannot be held under the facts that appellant consented to the search. After having stopped the car, the officer told appellant that a search was going to be made. The contemplated search was illegal. There was little else that appellant could say than "all right," unless he purposed active resistance to the officer's illegal act. No force can be given appellant's reply as embracing consent to the search where he immediately sought to avoid it by attempting to drive away when the officer was in the act of beginning the search.

The search of appellant's car having been made without probable cause to support it, objection to the evidence of the result of the search should have been sustained.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*