JESSE WALKER V. THE STATE

No. 20130.   Delivered January 25, 1939.
On Appellant's Motion to Reinstate Appeal March 8, 1939.

The opinion states the case.

*Forrester Hancock,* of Waxahachie, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Conviction for a misdemeanor, punishment being assessed at a fine of $100.00.

It appears that notice of appeal was not carried into the minutes of the court. Also the transcript embraces no judgment of conviction. Under the circumstances, this court is without jurisdiction.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION TO REINSTATE THE APPEAL

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

About 8 p. m. on the 24th of January, 1938, officers had stopped their automobile on a highway near the City of Ennis when appellant approached them in his car. When appellant was opposite the car of the officers they stopped him. One of the officers testified, in part, as follows: "The defendant came driving toward Ennis. We stopped him and saw a sack under the steering wheel. Upon examination it was a sack full of one-half gallon jars, about six jars, all full of whisky." The officers also found some whisky in the rear of the car.

There was no testimony that the sack under the steering wheel had any peculiar shape or outward appearance indicating that it contained jars of whisky. It was not until the sack was opened that it was found that there were containers of whisky in it. There were no statements by the officers of facts which showed any antecedent information or knowledge of circumstances which furnished "probable cause." The officers had neither a warrant of arrest nor search warrant. Under the circumstances, appellant's objection to their testimony touching the result of the search should have been sustained. The situation presented is similar to that shown in the case of Tendia v. State, 111 Tex. Cr. R. 627, from which we quote, as follows:

"Upon observing the sack in appellant's car the officer reached in the car, removed the sack and found in or under it a jug containing intoxicating liquor. If this conviction is to stand it must be because as a result of the search intoxicating liquor was found, although no facts were stated by the officer upon the trial which showed any antecedent information or knowledge

of facts or circumstances which furnished 'probable cause' to authorize it. The searching act of an officer should be legal regardless of the result of the search. If upon removal of the sack in question it had been found to contain plow points, harness, or any one of a thousand innocent articles, and the officer had been prosecuted under the provisions of Art. 4A, C. C. P., it would have been difficult to defend in the absence of proof that the appearance and shape of the sack was such that it led the officer as a prudent man to believe it concealed articles which offended against the law. If he had made the search having 'probable cause' to do so, his act would not be subject to criticism whatever the search revealed. Many illustrative cases from other jurisdictions will be found on pages 183 to 187 Cornelius on Search & Seizure.

"Appellant appears to be only an humble citizen of the State, but he is entitled to the protection of the law in the preservation of his constitutional rights from invasion. From what has been said it follows that we have concluded that the motion for rehearing should be granted, the affirmance set aside, and the judgment be now reversed and the cause remanded."

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.