## L. B. SHEPPARD v. THE STATE.

No. 20561. Delivered November 8, 1939.

The opinion states the case.

*Emmet Thornton,* of Sulphur Springs, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is possession of whisky in a dry area for the purpose of sale; the punishment, a fine of $100.

Gilbert Hogg, who was an employee of the Texas Liquor Control Board, testified that on the 9th of November, 1938, he was traveling in an automobile east of the town of Mt. Vernon in company with Wayne Blackburn and C. C. Rippy, both of whom were inspectors of the Texas Liquor Control Board, when appellant approached them in an automobile driving at a moderate rate of speed. At this juncture we quote from the testimony of the witness, as follows:

"On that occasion C. C. Rippy made the remark that the driver of the defendant's automobile was a Hopkins County bootlegger. Whereupon, I directed that the automobile in which I was driving be stopped and returned in the direction of the one driven by the defendant. The automobile driven by the defendant at the time that we approached it was not being driven at an excessive rate of speed and no person in such automobile was violating any law so far as I at that time was able to determine. On account of the remark of C. C. Rippy, who was an occupant of the car, and, like myself, an officer charged with the duty of enforcing the laws relating to prohibition, I thereupon, and without any search warrant, and without evidence of the existence of any matter that would result in a violation of the law on account of the discovery thereof, did in fact make a search whereby there was revealed the existence of a quantity of tax-paid whisky in the rear end or compartment of the defendant's car. No, the defendant Sheppard was not speeding at the time of his arrest or at any time that I saw him. I did not see or know of the defendant

violating any law or ordinance at the time of the search that I directed. We had no search warrant for the automobile, no warrant or capias for the defendant. I simply directed the search upon the statement of C. C. Rippy that the defendant was a Hopkins County bootlegger. That was the cause of my directing the search that resulted in the finding of the liquor. At the time of the search testified to upon direct-examination I state that I had no search warrant nor did any other officer with me have such search warrant, so far as I know, or as for that matter, have been able to learn; none of we officers had warrants or capiases for the arrest of the defendant. Sheppard was violating no law that we knew at the time I directed the search of his automobile."

Mr. Rippy testified that at the time appellant approached them in his automobile he made the following remark: "There goes a Hopkins County bootlegger." He testified, further, that after he made such remark Mr. Hogg directed that the automobile be searched. His testimony was to the further effect that appellant was violating no traffic law, and that the searching officers had no warrant of arrest, or search warrant at the time they stopped the appellant and searched his car.

Wayne Blackburn testified as follows: "Yes, I was an employee of the Liquor Control Board of this State and held such employment on November 9, A. D. 1938. On the date last above mentioned I was in company with Mr. Hogg and Mr. Rippy, who were, like myself, employees of the Liquor Control Board, and on the occasion that you inquire about we three persons, together with another, not connected with the Board, and not a peace officer, were traveling in an automobile going east in the town of Mt. Vernon, Texas, and saw an automobile traveling in a westerly direction and going at a moderate rate of speed when Mr. Gilbert Hogg directed that we reverse our route traveled, overtake the automobile being driven by the defendant and make search of the same. This search revealed a case or 24 pints of taxed liquor, concealed in the rear of defendant's automobile. Naturally this search, made in the manner it was, without a warrant, and so far as I could observe prior to the search, the defendant was violating no law, my activity was occasioned by the direction of Mr. Hogg, who was my superior officer."

Appellant did not testify and introduced no witnesses.

Three bills of exception are brought forward in which complaint is made of the testimony of the officers on the ground

that they were neither armed with a search warrant nor a warrant of arrest at the time they stopped appellant and searched his car. In qualifying the bills the court refers to the testimony of the officers we have heretofore set out as affording probable cause justifying the search and seizure. Unless the statement of one of the officers in the presence of the others that appellant was a Hopkins County bootlegger furnished probable cause, as that term has been defined, we must hold that the search was illegal. We say this in view of the absence of a warrant of arrest or search warrant. Under the circumstances, if they were guided by nothing more than bare suspicion their action was unwarranted. If the evidence introduced against the appellant was the result of an unauthorized search it was inadmissible under the provisions of Art. 727a, C. C. P., which reads as follows: "No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case."

See Williams v. State, 40 S. W. (2d) 142.

It is not believed that the information possessed by the officers prior to the search amounted to more than a bare suspicion. Stated in another way, we are of opinion that the officers were not shown to have any information meeting the measure of the law defining probable cause, namely, "a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." Landa v. Obert, 45 Tex. 539; Talley v. State, 24 S. W. (2d) 38. The evidence, so far as it refers to the legal question, goes no further than to show that one of the officers either knew or was of the opinion that appellant was a bootlegger. This circumstance alone would not appear to be sufficiently strong in itself to have warranted the officers to believe that appellant was then in possession of intoxicating liquor for the purpose of sale. See Talley v. State, supra, and authorities cited.

In Carroll v. United States, 267 U. S. 132, 69 L. ed. 543, the Supreme Court of the United States said:

"It would be intolerable and unreasonable if a prohibition agent were authorized to stop every automobile on the chance of finding liquor, and thus subject all persons lawfully using

the highways to the inconvenience and indignity of such a search. * * * But those lawfully within the country, entitled to use the public highways, have a right to free passage without interruption or search unless there is known to a competent official, authorized to search, probable cause for believing that their vehicles are carrying contraband or illegal merchandise. * * *

"The measure of legality of such a seizure is, therefore, that the seizing officer shall have reasonable or probable cause for believing that the automobile which he stops and seizes has contraband liquor therein which is being illegally transported."

Believing that the testimony touching the result of the search was improperly received, we are constrained to order a reversal of the judgment.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.