## JEFF OWENS V. THE STATE.

No. 22411. Delivered February 24, 1943.

The opinion states the case.

*Williamson & Nordyke,* of Stephenville, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of a violation of the liquor laws of this State, and fined the sum of $100.00, hence this appeal.

There is but one bill of exceptions in the record. That complains of the testimony of the only witness in the case, the sheriff of Erath County.

It is shown thereby that the sheriff was driving out on the highway in that county and saw appellant approaching him at a speed of about forty miles per hour. We quote the testimony of the sheriff:

"Carl W. Turnbow, Sheriff of Erath County, Texas, is my name and official capacity. I was traveling from Dublin toward Purvis in Erath County, Texas, and met the defendant, Jeff Owens, coming from towards Purvis to Dublin. He was driving about 40 miles per hour. This attracted my attention, and I turned around, overtook him, and asked to search his car. He said he would wait in Dublin for me. But he drove around, and I chased him over a lot of town, and out toward the Rodeo Park, and overtook him again, and he did not want me to search his car. I told him I would take him back to town and secure a search warrant and search it anyway. He started to drive on toward town (Dublin) but again started to turn another way. I stopped him, and told him I was going to search his car, even if I did have to get a search warrant, and he said 'Well go ahead,' and I searched his car and found three half gallon fruit jars of corn whiskey, that did not have any stamp or other information showing the tax had been paid."

We think this case is governed by the rule laid down in 38 Tex. Jur., Sec. 54, p. 79. There is no probable cause for such search shown other than the fact that appellant was driving at a rate of speed of about forty miles per hour, and if any consent was given, it was after he had been informed by the sheriff that he was going to arrest him anyhow and hold him until a search warrant could be issued. A consent given under such circumstances would not be a voluntary consent, but one procured under duress. The case of Nowlin v. State, 125 Tex. Cr. R. 390, 68 S. W. (2d) 496, is in point herein, although in that case some testimony was offered relative to probable cause. The State had no such testimony in this cause.

We think on account of the illegality of the search herein, the results thereof should not have been admitted. For such error this judgment is reversed and the cause remanded.