Claude SLAUGHTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 41920.

Court of Criminal Appeals of Texas.

April 16, 1969.

Roe & Ralston, Corsicana, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

This is an out of time appeal from a conviction for the offense of unlawful possession of Ethyl Morphine, a narcotic drug, with punishment assessed at 15 years in the Texas Department of Corrections.

The multi-count indictment was returned September 2, 1959. A conviction under count 3 of said indictment was reversed by this court because of a fatal defect in the verdict of the jury. Slaughter v. State, 170 Tex.Cr.R. 16, 336 S.W.2d 944.

This appeal is from a conviction at a subsequent trial under the same count, sentence having been pronounced on September 30, 1960.

No notice of appeal was given and appellant is serving such sentence in the Texas Department of Corrections.

After hearing in an Art. 11.07 Vernon's Ann.C.C.P. habeas corpus proceeding, the judge of the trial court, under authority of Ex parte Young, Tex.Cr.App., 418 S. W.2d 824, and Ex parte Castanuela, Tex. Cr.App., 435 S.W.2d 145, found that appellant was entitled to an out of time appeal. Appropriate orders were entered allowing such appeal, appointing counsel and ordering the preparation of the record on appeal and the record is before us.

Appellant's brief presents one ground of error:

"The trial court committed fundamental error in admitting the evidence of the Sheriff and his Deputy as to a search made by them and the result thereof before the Defendant was placed under arrest without warrant of arrest, search warrant or probable cause, in violation of the Defendant's constitutional right against unlawful searches and seizure."

While vigorously arguing his ground of error, the brief candidly concedes that the testimony is substantially the same as the testimony in the previous trial and that in the original opinion of this court, which was withdrawn when it was found that the verdict of the jury was fatally defective, this court held that such evidence was admissible.

Also, the brief frankly concedes that no objection was made to the introduction of the evidence referred to in his ground of error.

■ The state's brief correctly contends that under the holdings of this court any question as to the illegality of search was waived by the failure of the defendant to object to the admission of the evidence obtained. Le Blanc v. State, Tex.Cr.App., 424 S.W.2d 434, and cases cited; Guiterrez v. State, Tex.Cr.App., 423 S.W.2d 593, and cases cited.

The state's brief further points out that testimony about the now complained of evidence was first introduced by the defense on cross-examination of State's Witness Etheredge.

We are in accord with the state's position that any error in the admission of the evidence referred to in appellant's ground of error was waived.

We need not rest our disposition of this appeal on waiver, however, for we remain convinced that the evidence was admissible. We quote from the opinion in the former appeal delivered April 13, 1960:

"The principal ground for reversal is the contention that the ethyl morphine

taken from appellant's possession, and the evidence relating to its taking, was inadmissible because obtained as the result of an unlawful search of appellant's person.

 "Sheriff Pevehouse and Deputy Sheriff Norton responded to the call of Truly Etheredge informing the sheriff that the car which he had reported passing his house two days before and another car were parked on a narrow dirt road. Mr. Etheredge had complained that a man driving this car had thrown an empty milk carton in front of his house and had given him a cursing when he said he did not appreciate it.

"The two officers, accompanied by Mr. Etheredge, drove up behind the car in which appellant and Hughie Jack Pitts were sitting. Appellant's car was in front of Pitts' car.

"The sheriff walked to the driver's side of the car where Pitts was seated.

"The sheriff saw appellant throw something out the side of the car and called to Deputy Norton, and he went to the side where appellant was sitting and got him out of the car.

"The bottle containing a white fluid, which the chemist found to be ethyl morphine, was taken from appellant's hand when he was searched.

"The sheriff testified that he could barely get up to the side of the car; that the road was blocked.

"In the absence of the jury, the sheriff was examined touching the legality of the search, and testified that both men were arrested 'after we found some narcotics on one of them'. He further testified that he was going to arrest them anyway for blocking the narrow road 'because you couldn't get by' and he also testified that he had seen appellant with narcotic addicts 'a lot of times'.

"Sec. 93 of Art. 6701d V.A.C.S. makes it an offense to park a vehicle upon the main traveled part of a highway. Sec. 153 of said act authorizes any peace officer to arrest without warrant any person found committing a violation of any provision of the act.

"The arrest being lawful, the search incident thereto was lawful. Jackson v. State, 168 Tex.Cr.R. 562, 330 S.W.2d 616, sustains our holding. See also Blackburn v. State, 125 Tex.Cr.R. 180, 66 S.W.2d 697; * * *."

"The fact that appellant was in the automobile which belonged to Pitts and that Pitts was seated under the steering wheel is not controlling. Appellant's car was immediately in front of the Pitts car and was also parked on the road."

The judgment is affirmed.

DOUGLAS, J., not participating.